**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YULIA IGOREVNA KLIMOVA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2125-D** |
| | ) | |
| **FRED FIGUEROA, Warden,** | ) | |
| **Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Yulia Igorevna Klimova, a noncitizen[1] and Russian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition, Doc. 1.

Petitioner also filed a Motion for Expedited Ruling, Doc. 17. Adoption of this recommendation would moot the pending motion.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner is a citizen of Russia. Pet. at 8.[2] She entered the United States either (a) on or about March 27, 2018, or (b) on or about February 21, 2021. *Id.* (Petitioner's contention); Resp. at 2 (Respondents' contention); Doc. 13-1 at 1 (Notice to Appear) (same); *see also* Doc. 1-2 at 4 (Record of Deportable/Inadmissible Alien). While the earlier date is significantly more plausible, resolving this factual dispute is not necessary for the undersigned's analysis.

Petitioner was admitted on a B-2 nonimmigrant visitor visa. Pet. at 8; Resp. at 2. On July 24, 2019, her status was adjusted to lawful permanent resident on a conditional basis. Pet. at 8; Doc. 13-1 at 1. The same day, her status was terminated "because [the Government determined she] failed to demonstrate that [she was] eligible to have the conditions removed from [her lawful permanent resident] status in accordance with [8 U.S.C. § 1186a(c)(3)]."[3] Doc. 13-1 at 1; *see* Pet. at 9; Doc. 1-2 at 5 (stating, in ICE's record, Petitioner's status was terminated because she "failed to provide sufficient evidence of a qualifying marital relationship between her and her petitioning sponsor").

On April 24, 2026, Florida police arrested Petitioner on a misdemeanor count of violating Fla. Stat. § 796.07(2)(e). Pet. at 10 (citation modified); *see* Doc. 1-5 at 2 (Polk County Clerk of Circuit Court & Comptroller Record) (describing the count against Petitioner as "engage/commit/offer prostitution 1st viol" (citation modified)). That statute

---

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

[3] Petitioner asserts at least one date in the NTA, Doc. 13-1, is wrong—and possibly more. Pet. at 8-9. Resolving this issue is also unnecessary for the undersigned's analysis.

makes it unlawful "for a person 18 years of age or older to offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation." Fla. Stat. § 796.07(2)(e) (citation modified). A first violation is a second-degree misdemeanor, *id.* § 796.07(4)(a)(1), and its maximum imprisonment for a conviction is 60 days, *id.* § 775.082(4)(b).

Officials held Petitioner on an ICE detainer following her arrest. Doc. 1-2 at 5. On April 27, 2026, ICE placed her into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through a Notice to Appear ("NTA") and charged her with being removable under 8 U.S.C. § 1227(a)(1)(D)(i) as someone whose status "as an alien lawfully admitted for permanent residence on a conditional basis under [8 U.S.C. §§ 1186a or 1186b]" "was terminated" "after [her] admission or adjustment." Doc. 13-1 at 1; *see* Pet. at 9. Petitioner asserts the Government erred in determining she did not qualify for removal of conditions on her lawful permanent resident status. Pet. at 9; Doc. 15 (Audio recording of IJ hearing) (assertion by Petitioner's counsel).[4]

ICE took custody of Petitioner on May 31, 2026. Resp. at 2; Doc. 13-3 at 1 (Warrant for Arrest of Alien) (showing an issued date of April 25, 2026, and a service date of May 31, 2026). That day, she requested a bond hearing. Doc. 13-4 at 1 (Notice of Custody Redetermination). Petitioner later filed through counsel a detailed Motion for Bond Determination with the Immigration Court. Doc. 1-4 at 4-14. The Immigration Court scheduled her bond hearing for August 11, 2026. Pet. at 12.

---

[4] An unofficial hearing transcript, prepared by Petitioner's counsel, was filed at Doc. 1-7.

The evening before the hearing, ICE filed with the Immigration Court "I-213" documents,[5] which included a Certificate of Service and ICE's Record of Deportable/Inadmissible Alien. Doc. 1-2 at 2-6. ICE's filing included a description of the pending Florida charge. *See id.* at 5. Petitioner's counsel also submitted evidence before the hearing and argued in support of a bond at the hearing. *See* Doc. 15. At a hearing lasting approximately ten minutes, the Immigration Judge ("IJ") denied a bond after finding Petitioner did not "establish [herself as] not a danger to the community." Doc. 1-3 at 2 (Order of IJ); *see* Doc. 15. Petitioner appealed the bond denial to the Bureau of Immigration Appeals ("BIA"); nothing suggests the BIA has ruled on the appeal. Reply at 9.

The criminal case in Florida remains pending. Pet. at 10. Florida prosecutors have indicated their willingness to resolve the state charge with a deferred adjudication with requirements for probation, community service, and other non-imprisonment conditions. *Id.* However, Florida prosecutors refuse a "plea in absentia." *Id.* (citation modified). It is unclear if Petitioner can appear via videoconference from ICE detention to accept the deferred adjudication agreement. *See* Doc. 15 (including the Government's attorney

---

[5] "I-213" is a reference to ICE's standardized form. *See* Doc. 1-2 at 4. Petitioner alleges "[The Government] uploaded a five-page filing captioned 'I-261 Conviction Documents / Other: I-213" and faults the Government for its filing "contain[ing] no conviction documents, because there is no conviction" in the Florida case. Pet. at 12; *see also id.* at 16 (alleging the Government "mislabeled [its filing] as conviction documents"). There is no indication the Government intended its Immigration Court filing to masquerade as "conviction documents." The filing has three available checkboxes to identify its contents, one of which is "conviction documents" and is not marked. Doc. 1-2 at 2.

asserting Petitioner can appear "via online platforms" for a Florida hearing and her attorney agreeing "it is possible to appear and make arrangements," but stating a fear of being "able to do that timely" for a then-scheduled August 2026 hearing).

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 8. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 9, 2026). Her immigration proceedings remain pending. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Nov. 9, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in her Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges her warrantless arrest violated 8 U.S.C. § 1226(a) and no exceptions apply. Pet. at 13-15.

- **Count II: Violation of Due Process.** Petitioner alleges the bond hearing "did not provide a constitutionally adequate, individualized determination of present danger." *Id.* at 15. Specifically, she alleges (a) the Government's only evidence was filed "the night before the hearing" and "mislabeled as conviction documents" based on "internally inconsistent" records that contain "no affirmative criminal-record entry" and "no account of the conduct underlying the arrest;" (b) the IJ "convert[ed] a bare arrest label, unsupported by any probative and specific facts, into an individualized finding of future dangerousness;" (c) the IJ incorrectly determined the Florida arrest was "very serious;" and (d) the IJ wrongly treated the proposed agreement for deferred adjudication of the Florida charge as "aggravating" evidence rather than an indication of a lack of dangerousness. *Id.* at 16-17 (citation modified). Petitioner argues the evidence presented to the IJ is insufficient, as a matter of law, to find her to be a present danger. *Id.* at 18. She also argues the IJ incorrectly relied on the pending Florida charge to find her to be a present danger (leading to a denial of her bail request) because the Government's

detention of Petitioner is what prevented resolution of the Florida charge. *Id.* at 18-19.

- **Count III**: **Violation of Due Process.** Petitioner alleges her continued detention is not "reasonably related to a legitimate regulatory goal or is excessive" considering the circumstances of her arrest. *Id.* at 20. Specifically, she has been detained by ICE for more than six months due to the denial of her bond request that was based on the Florida charge, which itself carries a maximum sentence of 60 days. *Id.* at 20-21; *see* Doc. 13-3 at 1 (showing ICE took custody of Petitioner on May 31, 2026).

Petitioner asks the Court to issue a Writ of Habeas Corpus to "order Petitioner released promptly on reasonable conditions sufficient to ensure appearance and public safety" or, "alternatively, order a new custody hearing within five business days at which Petitioner receives timely disclosure of all evidence and a fair opportunity to respond, feasible alternatives to detention are considered, and individualized reasons are stated on the record or in writing" under 8 C.F.R. § 1003.19(f). Pet. at 23 (citation modified).

After Petitioner filed the Petition, Respondents submitted the administrative warrant. Doc. 13-3. As a result, she withdrew Count I. Reply at 1. Based on the evidence submitted by Respondents, Petitioner also withdrew part (a) of Count II. *Id.* Finally, she withdrew her assertion the IJ did not give required "written reasons" for denying bond. *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. The Court has jurisdiction to consider the Petition.

As a threshold matter, the Court has jurisdiction to address Petitioner's constitutional claim to the adequacy of her bond hearing. Under 8 U.S.C. § 1226(e), "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026). That section "does not, however, deprive [courts] of jurisdiction to hear constitutional challenges to the extent of the Government's detention authority under the statutory framework as a whole." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (finding section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law" (citation modified)).

Respondents do not dispute this Court's jurisdiction for limited habeas review. Judges in this District have found jurisdiction to consider whether a petitioner's procedural due process rights were violated at an IJ's bond hearing.[6] *E.g.*, *Sin Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (analyzing due process and agreeing "a procedural due process violation likely occurred" at a bond hearing when the wrong standard was used, but it was rendered harmless by the IJ's subsequent

[6] Petitioner does not distinguish whether her claims sound in procedural due process or substantive due process. *See generally* Pet. The Court need not decide whether Petitioner's substantive or procedural due process rights are specifically at issue because she fails to establish any due process violation during her bond hearing.

order citing the correct standard); *Singh v. Mullin*, No. CIV-26-1083-J, 2026 WL 3027159, at *2 (W.D. Okla. Sept. 30, 2026) (R&R) (finding limited habeas jurisdiction existed, but no due process violation occurred), *adopted* 2026 WL 3030050, at *1 (W.D. Okla. Oct. 8, 2026). Accordingly, the Court has jurisdiction over Petitioner's claim to the extent she challenges whether her due process rights were violated at the bond hearing.

**B. Petitioner has not shown the IJ violated her due process rights at the bond hearing.**

Petitioner and Respondents agree she is detained under 8 U.S.C. § 1226(a). Pet. at 6; Resp. at 4. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). When "§ 1226 governs Petitioner's detention, the due process owed to [her] is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. . . . An individualized custody redetermination hearing [will] provide Petitioner with the process he is due under the statute.").

On August 11, 2026, at a bond hearing where Petitioner had counsel, the IJ denied bond after finding she did not "establish [herself as] not a danger to the community." Doc. 1-3 at 2 (Order of IJ); *see* Doc. 15 (audio recording of IJ hearing). This Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with

the law when denying Petitioner bond. Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2. "Habeas relief is appropriate only if the [IJ's] exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified). "To make this showing, [petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019) (citation modified).

"In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests.'" *De Souza v. Soto*, No. CV 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (citation modified) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)); *see also Singh*, 2026 WL 3027159, at *3 (applying these requirements); *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1239322, at *3-4 (W.D. Okla. Apr. 17, 2026) (R&R) (same), *adopted sub nom.*, *Casallas v. Jones*, 2026 WL 1233127, at *1 (W.D. Okla. May 5, 2026).

Petitioner fails to make the required showing here. Her Petition is framed as a constitutional challenge that her bond hearing did not comply with due process. But she fundamentally asks the Court to re-weigh the evidence presented at the bond hearing to reach a different result from the IJ. For the reasons explained above, this Court cannot do.

For example, Petitioner alleges the IJ "convert[ed] a bare arrest label, unsupported by any probative and specific facts, into an individualized finding of future dangerousness" because "there [was] no police report, no arrest affidavit, no charging affidavit, and no account of the alleged conduct" from the Florida arrest for the IJ to consider. Pet. at 17. But she does not allege she or her immigration counsel attempted to provide any of this information to the IJ or any impediment existed to her obtaining it in Florida and submitting it to the IJ. Similarly, while Petitioner faults the IJ for describing her Florida arrest as "very serious," *id.*, she provides no evidence to show he was wrong—for example, through her providing to the IJ additional details or context regarding the charge. And, when "the burden is on the petitioner" in a bond hearing, "it is the sufficiency of [her] showing that is at issue" when assessing constitutionality, "not whether the government produced proof of its own." Order of June 18, 2026, *Singh v. Mullin*, No. CIV-26-712-HE, Doc. 13, at *7 (W.D. Okla.). Here, Petitioner does what she accuses the IJ of—labeling her Florida charge as the state's "second-lowest grade of offense" to draw a conclusion of no danger, without consideration of specific circumstances neither before the IJ nor this Court. Pet. at 17.

All told, the undersigned finds the requirements for a fair bond hearing were met. The IJ acknowledged the evidence produced to him by Petitioner (including her detailed motion seeking release on bond, Doc. 1-4) and by the Government without any objection from Petitioner's immigration counsel; her immigration counsel had opportunities to argue to the IJ on Petitioner's behalf; and the IJ made a decision as to bond based on evidence specific to her. *See* Doc. 15. Further, the IJ's order stated he considered all the evidence presented. Doc. 1-3 at 1. *See, e.g.*, *Nucamendiz*, 2026 WL 221449, at *2 (finding the IJs'

determinations that petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond").

Petitioner has not, for example, shown the IJ denied her the opportunity to present evidence or refused to consider any evidence presented. *See, e.g.*, *Kumar*, 2026 WL 753944, at *2 (finding a petitioner did not warrant habeas relief where he "d[id] not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof");[7] *De Souza*, 2026 WL 102946, at *3 (denying petitioner's motion to enforce a habeas judgment requiring a bond hearing where "the IJ did not 'summarily' deem Petitioner a flight risk" but conducted an individualized review); *accord Velasquez Salazar*, 806 F. Supp. 3d at 1243 (granting habeas relief when materials submitted by the petitioner to the IJ were not given "meaningful consideration").

In addition, Petitioner has not shown any constitutional defect with the IJ's finding that she failed to show her release would not pose "a danger to the community." Doc. 1-3

---

[7] The IJ assigned the burden of proof at the bond hearing to Petitioner, consistent with ICE regulations and BIA precedent. *See, e.g.*, *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (stating the "burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond"); *see also* Pet. at 19. She does not argue for burden shifting beyond "preserv[ing]" her argument. *Id.* Judges in this District have consistently declined to order burden shifting. *See, e.g.*, *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (holding "the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing").

at 2. The undersigned acknowledges the IJ's order, Doc. 1-3, lacks much detail, but the burden was on Petitioner to establish she should be released. She does not point to any evidence at the hearing the IJ did not consider; nor has she established she did not receive an individualized hearing focused on the circumstances of her case. *See Singh*, 2026 WL 3027159, at *3 (rejecting the argument that due process rights were violated when "the IJ's order lack[ed] much detail" but the petitioner did not "establish[] he did not receive a true individualized hearing"). And Petitioner implicitly acknowledges the bond hearing audio, Doc. 15, filled in details not included in the IJ's written order, Doc. 1-3, to explain the IJ's decision. *See* Reply at 1. Accordingly, the IJ's decision does not offend fundamental tenets of due process, and the Petition should be denied.

Finally, Petitioner argues her detention is arbitrary because her civil immigration detention has exceeded the imprisonment she could receive if convicted of the criminal offense in Florida. *See* Pet. at 20-22. But she cites no precedent indicating these circumstances support a finding that her due process rights have been violated. Nor does Petitioner cite any precedent holding a now-five-month period of detention under § 1226(a) is punitive or arbitrary when a bond hearing has been provided. The Court should deny Petitioner's due process claims.

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending Motion for Expedited Ruling, Doc. 17.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 23, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 30, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of November, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE